IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID SILVA as PERSONAL REPRESENTATIVE
of the ESTATE OF SONIA RODRIGUEZ,

    Plaintiff,

v.                                    CAUSE NO. 16-CV-01270

VANESSA RODRIGUEZ, FARMERS INSURANCE
COMPANY OF ARIZONA, and DAVID K. PRICE,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), Defendant Farmers Insurance Company of Arizona (hereinafter referred to as "Farmers"), by and through its counsel of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien and Kerri L. Allensworth, hereby gives notice of the removal of the above-captioned action from the Fourth Judicial District Court, State of New Mexico, County of San Miguel to the United States District Court for the District of New Mexico on the basis of diversity jurisdiction.

### THE PROCEDURAL REQUIREMENTS FOR RMOVAL HAVE BEEN SATISFIED

1.      Farmers is named in a civil action pending in the Fourth Judicial District Court for San Miguel County, New Mexico, entitled *David Silva as Personal Representative of the Estate of Sonia Rodriguez;* Cause No. D-412-CV-2016-00476 (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served on Farmers in the State Court Action are attached hereto as *Exhibit A* as required by 28 U.S.C.§ 1446(a).

2. A Complaint for Wrongful Death, Breach of Insurance Contract, Bad Faith Claims Handling, Unfair Trade Practices and Violations of the Insurance Code ("Complaint") was filed in the State Court Action on October 4, 2016. A Summons directed to Farmers c/o the Office of the Superintendent of Insurance was issued on October 19, 2016. This is the only summons that was issued. Summonses have not been issued to Defendants Vanessa Rodriguez or David K. Price. No answer has been filed in the State Court Complaint by any Defendant prior to this Notice of Removal. The Complaint did not specify the amount of damages sought by Plaintiff.

3. Plaintiff's Complaint alleges that the decedent Sonia Rodriguez was in an accident on October 4, 2016, and died as a result. *Complaint,* ¶¶ 7, 8 and 9.

4. Plaintiff's Complaint alleges that Sonia Rodriguez at the time of the accident was insured with Farmers Insurance Company of Arizona. *Complaint,* ¶¶ 11, 12.

5. Plaintiff's Complaint alleges that Farmers breached its contract with Plaintiff. *Complaint,* ¶ 22.

6. Plaintiff's Complaint further alleges that Farmers failed to pay any sum to settle Sonia Rodriguez' estate's uninsured motorist claim but then offered to pay less than half the policy coverage if contingent on Plaintiff signing a settlement release. *Complaint,* ¶¶23, 25.

7. Plaintiff's Complaint also alleges that Farmers failed to fairly evaluate the estate's claim and to tender policy limits contrary to the express language of the insurance policy. *Complaint,* ¶¶ 27, 28, 29.

8. Plaintiff's Complaint further alleges that Farmers violated the New Mexico Insurance Code, NMSA §59A-16-20. *Complaint,* ¶¶ 31, 32.

9. Plaintiff's Complaint further alleges that Farmers acted willfully and intentionally, and that its alleged misconduct resulted in the delay of payment of damages, forcing litigation upon Plaintiff. *Complaint,* generally.

10. In light of Plaintiff's allegations contained in her Complaint and based upon Plaintiff's settlement demands prior to filing suit, Plaintiff seeks damages in excess of $75,000.

11. Defendant David K. Price is being sued soley in his capacity as an adjuster for Defendant Farmers Insurance Company of Arizona.

12. In light of the fact that Plaintiff has only had a summons issued to Farmers, and that a settlement was reached between Plaintiffs and Defendant Vanessa Rodriguez, it is clear that the only Defendant Plaintiff intends to pursue for damages is Farmers.

13. Removal of this action is timely pursuant to 28 U.S.C.S. §§ 1441 and 1446(b)(3), because this Notice was filed within 30 days of service of a copy of a pleading and within one (1) year of the commencement of the action.

14. Venue is proper in this Court pursuant to 28 U.S.C.S. § 1441(a), because it is the District Court and division embracing the place where this action is pending.

15. Pursuant to 28 U.S.C.S. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of Court for the Fourth Judicial District, County of San Miguel, State of New Mexico.

16. Pursuant to D.N.M. LR-Civ. 81.1, Farmers will file legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing this Notice of Removal.

17. Under the applicable provisions of 28 U.S.C.S. §§ 1441 and 1446(b) and other applicable statutes and rules, all of which Farmers has complied with, this cause of action is removable to the United States District Court for the District of New Mexico.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C.S. SECTION 1332

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C.S. § 1332, because this is a civil action, there is complete diversity of citizenship of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

19. There is complete diversity of citizenship between Plaintiff and Defendant.

20. Upon information and belief, Plaintiff is a resident and citizen of San Miguel County, New Mexico. *Complaint,* ¶ 1.

21. Defendant Farmers Insurance Company of Arizona is a foreign corporation engaged in the business of insurance in the State of New Mexico, with its principal place of business outside of the State of New Mexico. *Complaint,* ¶ 4.

22. The other defendants Vanessa Rodriguez and David Price have not been properly joined or served in the State Court Action.

22. To confer subject matter jurisdiction on this Court based upon diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C.S. § 1332(a).

23. A removing defendant claiming diversity jurisdiction must prove facts supporting an amount in controversy exceeding $75,000 by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001)).

24. Plaintiff's Complaint alleges that Plaintiff suffered monetary damages, exemplary damages, reasonable lawyer's fees, and treble damages. *Complaint,* generally. Upon further information and belief, Plaintiff seeks damages in the amount over $75,000 as required by 28 U.S.C.S. § 1332(a).

25. While Defendants dispute the factual and legal merits of Plaintiff's claims raised in the Complaint, based on the allegations raised on the face of the Complaint and as demonstrated by a preponderance of the evidence, the amount in controversy is greater than $75,000 and thus the amount in controversy requirement of 28 U.S.C.S. Section 1332(a) is satisfied.

WHEREFORE, Defendants respectfully remove this action from the Fourth Judicial District Court, County of San Miguel, State of New Mexico, Cause No. D-412-CV-2016-00476, to this Court, pursuant to 28 U.S.C.S. §§ 1332, 1441, and 1446.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.

By: */s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN
KERRI L. ALLENSWORTH
Attorneys for Defendants
6000 Indian School Rd. N.E., Suite 200
Albuquerque, NM 87110
(505) 883-8181

I HEREBY CERTIFY that a true and correct copy
of the foregoing was mailed to counsel for Plaintiff,
Thell Thomas, at 509 Roma N.W., Albuquerque, NM
87102 this 18th day of November, 2016.

*/s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN