# REGISTER OF ACTIONS
## CASE NO. D-412-CV-2016-00476

| David Silva v. Vanessa Rodriguez, et. al. | § § § § § § | Case Type: Tort Auto<br>Date Filed: 10/04/2016<br>Location: San Miguel County<br>Judicial Officer: Aragon, Abigail |
|---|---|---|

## PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | Farmers Insurance Company of Arizona | | Pro Se |
| Defendant | Price, David K. | | Pro Se |
| Defendant | Rodriguez, Vanessa | | Pro Se |
| Plaintiff | Silva, David | | **Thell Thomas**<br>*Retained*<br>505-242-2109(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 10/04/2016 | Cause Of Actions | Wrongful Death, Auto |
| | Action Type | Action |
| 10/04/2016 | Cause Of Actions | Breach of Contract |
| | Action Type | Action |
| 10/04/2016 | Cause Of Actions | Miscellaneous (Farmers Insurance Company of Arizona Adjuster David K. Price's Intentional Bad Acts) |
| | Action Type | Action |
| 10/04/2016 | Cause Of Actions | Insurance Code (Violation) |
| | Action Type | Action |
| 10/04/2016 | Cause Of Actions | Miscellaneous (Violations of New Mexico Unfair Practices Act) |
| | Action Type | Action |
| 10/04/2016 | **OPN: COMPLAINT** | |
| | *Complaint for Wrongful Death* | |
| 10/04/2016 | **MTN: MOTION** | |
| | *Motion to Appoint Personal Representative* | |
| 10/06/2016 | **ORD: APPROVING PROBATE/APPOINTMENT OF PERSONAL REP** | |
| | *Order For Appointment Of Personal Representative To Pursue Wrongful Death Claim In Accordance With NMSA 1978 41-2-1 et. seq.; David Silva is appointed* | |
| 10/19/2016 | Summons | |
| | *Issued to Farmers Insurance Company of Arizona c/o office of the Superintendents of Insurance* | |
| | Farmers Insurance Company of Arizona | Unserved |

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Personal Representative** Silva, David | | |
| | Total Financial Assessment | | 117.00 |
| | Total Payments and Credits | | 117.00 |
| | **Balance Due as of 11/18/2016** | | **0.00** |
| 10/04/2016 | Transaction Assessment | | 117.00 |
| 10/04/2016 | File & Serve Payment | Receipt # LVED-2016-1883       Silva, David | (117.00) |



EXHIBIT A

**FOURTH JUDICIAL DISTRICT COURT**
**COUNTY OF SAN MIGUEL**
**STATE OF NEW MEXICO**

No.  D-412-CV-2016-00476

**DAVID SILVA as PERSONAL REPRESENTATIVE of the ESTATE OF SONIA RODRIGUEZ,**

    **Plaintiff,**

**vs.**

**VANESSA RODRIGUEZ, FARMERS INSURANCE COMPANY OF ARIZONA, and DAVID K. PRICE,**

    **Defendants.**

## COMPLAINT FOR WRONGFUL DEATH, BREACH OF INSURANCE CONTRACT, BAD FAITH CLAIMS HANDLING, UNFAIR TRADE PRACTICES AND VIOLATIONS OF THE INSURANCE CODE

DAVID SILVA as personal representative of the wrongful death Estate of Sonia Rodriguez, Plaintiff herein, through counsel Thell Thomas, for cause of action would respectfully show the Court and Jury the following:

### I.

### PARTIES

1. Plaintiff David Silva is a resident citizen of San Miguel County, New Mexico.

2. Plaintiff Sonia Rodriguez, deceased, was a resident citizen of Dona Ana County, New Mexico.

3. Defendant Vanessa Rodriguez is a resident citizen of Dona Ana County, New Mexico.

4. Defendant Farmers Insurance Company of Arizona is a foreign insurance company, a non-resident of the State of New Mexico, and is duly authorized to conduct business in New Mexico.

5. Defendant David K. Price is an insurance adjuster, adjusting claims in New Mexico who probably resides in or around Denver, Colorado.

6. Venue and jurisdiction are proper because the personal representative resides in San Miguel County, New Mexico.

## II.

## FACTS AND NATURE OF THE SUIT

7. On or around October 14, 2014 Defendant Vanessa Rodriguez is driving while intoxicated by alcohol. Sonia Rodriguez is a passenger in Defendant Vanessa Rodriguez' truck. Defendant Vanessa Rodriguez crossed the center lane of Canal Road, near Hatch, New Mexico directly in front of an oncoming vehicle causing an abrupt crash.

8. Defendant Vanessa Rodriguez' reckless driving killed Sonia Rodriguez. Defendant Vanessa Rodriguez drove while drunk with disregard for the safety of others.

9. As a direct and proximate result of Defendant Vanessa Rodriguez' drunk driving, Sonia Rodriguez was pinned under Vanessa's truck for some time before she died. Sonia Rodriguez was only 16 when she was crushed in this crash, she suffered pain and suffering, loss of enjoyment of life, lost future earnings, lost educational opportunities, burial expenses all to the estate's damage in such amount as the Court shall determine.

10. Defendant Vanessa Rodriguez did not have sufficient auto insurance at the time that she drove drunk and caused this fatal crash.

11. Plaintiff Sonia Rodriguez estate made a claim to her auto insurance company Defendant Farmers Insurance Company of Arizona for damages caused by Defendant Vanessa Rodriguez an underinsured driver. Farmers Insurance Company of Arizona ignored their

insured's claim, failed to tender policy limits, and misrepresented amounts of coverages available to Sonia Rodriguez' family.

WHEREFORE, Plaintiff asks for judgment against Defendant Vanessa Rodriguez in such amount as the Court shall determine, costs of this action, interest, and such other relief as the Court deems just and proper.

12. At the time of this crash Plaintiff Sonia Rodriguez' parents are insured with Farmers Insurance Company of Arizona, Plaintiff did not reject uninsured motorist insurance. The Defendant Vanessa Rodriguez does not have sufficient insurance coverage to make the estate whole.

13. Sonia Rodriguez' parents speak only Spanish. When Sonia Rodriguez' parents purchased insurance from Farmers Insurance Company of Arizona the insurance sold them UM/UIM coverage on only one of the two family vehicles. Sonia Rodriguez' parents believed that they were purchasing UM/UIM for all family vehicles. Instead Farmers Insurance Company of Arizona sold Sonia Rodriguez' parents UM/UIM coverage on only one vehicle, and intentionally did not explain what they sold to Sonia Rodriguez' parents in Spanish. The insurance forms from Farmers Insurance Company of Arizona prove this intentional act. The insurance forms are in English, and Sonia Rodriguez' parents did not understand what coverages they were purchasing.

14. An insurance company must take sufficient steps to explain the insurance policy, the UM/UIM rejection and the menu of coverage options to its insureds, in accordance with *Romero v. Dairyland*, 1990-NMSC-111, ¶ 9, 111 N.M. 154, 156-157 and *Markstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 16, 147 N.M. 678.

15. Under the terms of the policies and under applicable law, Farmers Insurance Company of Arizona is liable to Sonia Rodriguez' estate for all damages Sonia Rodriguez' estate could have recovered from the underinsured driver, had the driver had sufficient insurance to cover the estates' ongoing damages. The terms of the Farmers Insurance Company of Arizona policies issued to Sonia Rodriguez' parents are hereby incorporated by reference, as if fully set forth herein.

16. In light of the estate's injuries, and consequent medical bills, Sonia Rodriguez estate, through her lawyer, requested that Farmers Insurance Company of Arizona pay to Sonia Rodriguez' parents a reasonable settlement in underinsured motorist insurance coverage in order to compensate Sonia Rodriguez' estate for her uncompensated injuries and damages.

17. Sonia Rodriguez' parents provided information to support her claim for damages, and assisted in Farmers Insurance Company of Arizona's investigation of the claim. In response Farmers Insurance Company of Arizona selfishly delayed the processing of Sonia Rodriguez estate's claim.

18. Although Sonia Rodriguez estate's injuries are established Farmers Insurance Company of Arizona has refused to pay any amount for the claim. Farmers Insurance Company of Arizona has still not paid the claim, and has further failed to reform the insurance coverage to reflect the law of New Mexico, failing to compensate Sonia Rodriguez' estate for her damages in bad faith with intent to force Sonia Rodriguez' estate to discount the reasonable value of her claim thereby taking advantage of Sonia Rodriguez estate's lack of financial resources to fight Farmers Insurance Company Of Arizona, a huge national corporation.

WHEREFORE, Sonia Rodriguez' estate prays for judgment against Farmers Insurance Company of Arizona, in an amount to be proven at trial which is reasonable to compensate her for her injuries and losses, the costs of this action, pre- and post-judgment interest, punitive damages and any other relief which this Court may deem just and proper.

## COUNT II
## BAD FAITH BREACH OF INSURANCE CONTRACT

19. Sonia Rodriguez' estate re-alleges the allegations set forth above as though fully set forth herein.

20. Implied in the insurance policies issued by Farmers Insurance Company of Arizona to Sonia Rodriguez' parents is the duty on the part of Farmers Insurance Company of Arizona to deal fairly with its insured, Sonia Rodriguez' family.

21. Further, under New Mexico law, Farmers Insurance Company of Arizona has the duty to act honestly, promptly, in good faith, and in a non-discriminatory manner in the performance of the insurance contract. Farmers Insurance Company of Arizona further has an obligation to give equal consideration to its own interests and the interests of its insureds and policyholders.

22. As described herein, Farmers Insurance Company of Arizona has breached these duties and has thereby acted in bad faith.

23. Specifically, Farmers Insurance Company of Arizona has failed to pay any sum to settle Sonia Rodriguez estate's uninsured motorist claim despite her injuries, and death the damages, and the fact that there is evidence concerning the liability of the underinsured driver.

24. Farmers Insurance Company of Arizona's actions are intentional, malicious, and willful and wanton, thereby justifying an award of punitive and exemplary damages.

25. Adding insult to injury Farmers Insurance Company of Arizona's did offer to pay a little less than half the policy coverage, but demanded a settlement release from Sonia Rodriguez estate prior to any payment. Nowhere in the Farmers Insurance Company of Arizona's insurance contract is there a term that mandates that an insured sign a release prior to being paid a benefit owed to an insured. Farmers Insurance Company of Arizona demanded an extra-contractual benefit prior to agreeing to pay only half of what Farmers Insurance Company of Arizona owes to Sonia Rodriguez' estate.

WHEREFORE, Sonia Rodriguez' estate respectfully prays for judgment against Farmers Insurance Company of Arizona, in an amount to be proven at trial which is reasonable to compensate her for her injuries, losses and damages and those same damages which will be sustained in the future, and to punish Farmers Insurance Company of Arizona for their willful, intentional, misconduct resulting in delay of payment of damages, and forcing litigation upon her, and for such other relief that this Court deems just and proper.

## COUNT III
### FARMERS INSURANCE COMPANY OF ARIZONA ADJUSTER DAVID K. PRICE'S INTENTIONAL BAD ACTS

26. Plaintiff Estate of Sonia Rodriguez re-alleges the allegations set forth above as though fully set forth herein.

27. Defendant David K. Price intentionally failed to fairly evaluate the estate's underinsured motorist claim. Defendant David K. Price dishonestly handles the claim to Farmers' advantage. Defendant David K. Price intentionally favored Farmers Insurance Company of Arizona's interests above the estate of Sonia Rodriguez' interests.

28. Defendant David K. Price intentionally failed to tender the policy limits to Plaintiff the Estate's ongoing damage. Adding insult to injury, David K. Price only agreed to tender benefits to Farmers Insurance Company of Arizona's insured upon the Estate executing a release, contrary to the express language of the insurance contract.

29. Under the terms of the policies and under applicable law, Defendants Farmers Insurance Company of Arizona and David K. Price are liable the Estate of Sonia Rodriguez for all damages not covered by the underinsured tortfeasor's insurance policy.

WHEREFORE, Plaintiff the Estate of Sonia Rodriguez prays for judgment against Farmers Insurance Company of Arizona, and David K. Price in an amount to be proven at trial which is reasonable to compensate the estate for injuries and losses, the costs of this action, pre- and post-judgment interest, punitive damages and any other relief which this Court may deem just and proper.

## COUNT IV
## VIOLATIONS OF NEW MEXICO INSURANCE CODE

30. The Estate of Sonia Rodriguez re-alleges the allegations set forth above as though fully set forth herein.

31. The actions of Farmers Insurance Company of Arizona as described herein constitute violations of the New Mexico Insurance Code, NMSA § 59A-16-20 (the "Act").

32. Specifically, Farmers Insurance Company of Arizona committed the following acts, which are defined by the Act as prohibited practices:

   A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

   B. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

    C.     compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

    D.     failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

33. As a direct and proximate cause of Farmers Insurance Company of Arizona's violations of the act, Sonia Rodriguez' Estate suffers damages in an amount to be proven at trial.

34. Farmers Insurance Company of Arizona's violations of the Act are wanton, malicious, and done with intentional disregard of the Estate's interests and rights, and of Farmers Insurance Company of Arizona's duties and obligations under New Mexico law, thereby making Farmers Insurance Company of Arizona liable to Sonia Rodriguez' parents for exemplary and punitive damages.

35. Sonia Rodriguez' parents are entitled to recover reasonable attorneys' fees for Farmers Insurance Company of Arizona's knowing and intentional violations of the Act. The Estate's lawyer charges $290.00 per hour.

WHEREFORE, Plaintiff Sonia Rodriguez' Estate respectfully prays for judgment awarding compensatory damages against Farmers Insurance Company of Arizona in an amount to be proven at trial which is reasonable to compensate her for her injuries, losses and damages to be sustained in the future; awarding exemplary damages sufficient to punish Farmers Insurance Company of Arizona, for its willful, intentional, misconduct resulting in delay of

payment of the claim and forcing litigation upon Sonia Rodriguez' Estate; for reasonable lawyer's fees; and for such other relief that this Court deems just and proper.

## COUNT V
## VIOLATIONS OF NEW MEXICO UNFAIR PRACTICES ACT

36. Sonia Rodriguez' Estate re-alleges the allegations set forth above as though fully set forth herein.

37. Farmers Insurance Company of Arizona's actions as described herein constitute violations of the New Mexico Unfair Practices Act, NMSA § 57-12-1 et seq. (the "UPA").

38. Specifically, Farmers Insurance Company of Arizona, through its employees and agents such as David K. Price knowingly made false or misleading representations in connection with the sale of its insurance services in the regular course of its commerce which tended to or did deceive and mislead Sonia Rodriguez' parents, including the failure to deliver the quality of insurance services contracted for.

39. In addition, Farmers Insurance Company of Arizona's actions constitute a "unconscionable trade practices" as defined in the UPA in that the insurance services provided to Sonia Rodriguez' parents and the estate of their child resulted in a gross disparity between the value received by her and the price paid for the insurance.

40. Farmers Insurance Company of Arizona's violations of the UPA ware wanton, malicious, and done with intentional disregard of their insured's interests and rights, and of Farmers Insurance Company of Arizona's duties and obligations under New Mexico law, thereby making Farmers Insurance Company of Arizona liable to Sonia Rodriguez' estate for exemplary and punitive damages.

41.    Sonia Rodriguez' Estate is entitled to recover reasonable attorney's fees under the UPA for said violations by Farmers Insurance Company of Arizona which were knowing and intentional.

WHEREFORE, Sonia Rodriguez' estate respectfully prays for judgment against Farmers Insurance Company of Arizona for compensatory damages to be proven at trial which are reasonable to compensate him for his injuries, losses and damages; for exemplary damages in a just amount to punish Farmers Insurance Company of Arizona for its willful, intentional, misconduct; for reasonable lawyer's fees; treble damages and for such other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Thell Thomas*
Thell Thomas
Law Offices of Thell Thomas, LLC
509 Roma NW
Albuquerque, NM 87102
(505) 242-2109
tthomasjd@gmail.com

**SUMMONS**

**STATE OF NEW MEXICO**
**COUNTY OF SAN MIGUEL**
**FOURTH JUDICIAL DISTRICT COURT**

| Court Address:<br>496 W. National Ave.<br>Las Vegas, NM 87701<br>(505) 425-7281 | Case No.: D-412-CV-2016-00476<br><br>Assigned Judge: Honorable Abigail Aragon |
|---|---|
| DAVID SILVA, as PERSONAL REPRESENTAIVE of the ESTATE OF SONIA RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>VANESSA RODRIGUEZ, FARMERS INSURANCE COMPANY OF ARIZONA, and DAVID K. PRICE,<br><br>Defendants. | Defendant:<br><br>Farmers Insurance Company of Arizona<br>c/o Office of the Superintendent of Insurance<br>PO Box 1689<br>Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S): TAKE NOTICE THAT**

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org, 1-800-876-6657, or 1-505-797-6066.

Date at ___Las Vegas___, New Mexico this _19th_ day of ___October___, 2016___.
Aurora Lopez
By:/s/ Reyna Chavez   10/19/2016
Clerk of the Court

/s/ Thell Thomas
Thell Thomas
Attorney for Plaintff
509 Roma NW
Albuquerque, NM 87102
(505) 242-2109
(505) 243-9882, fax
tthomasjd@gmail.com

**THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULE OF CIVIL PROCEDURE FOR DISTRICT COURTS**

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

No.  D-412-CV-2016-00476

DAVID SILVA as PERSONAL REPRESENTATIVE of the ESTATE OF SONIA RODRIGUEZ,

   Plaintiff,

vs.

VANESSA RODRIGUEZ, FARMERS INSURANCE COMPANY OF ARIZONA, and DAVID K. PRICE,

   Defendants.

## MOTION FOR APPOINTMENT OF PERSONAL REPRESENTATIVES TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

In conformity with NMSA 1978, § 41-2-1, David Silva moves the Court for an Order appointing himself as Personal Representative of the Estate of Sonia Rodriguez for the purpose of investigating and pursuing a wrongful death action and as grounds for said Order states:

1. Sonia Rodriguez died on October 14, 2014.

2. Appointment of a Personal Representative is necessary for the purpose of investigating, pursuing, and resolving a wrongful death action.

3. As set forth by the New Mexico Court of Appeals in In the Matter of the Estate of Kirsten Sumler, 2003 NMCA-30, this Court may appoint the Wrongful Death Personal Representative.

> Cases interpreting our wrongful death act have made it clear that it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code… We take this opportunity to re-emphasize that appointment as the personal representative of a decedent's estate is neither necessary nor sufficient authority for a person to serve as a Section 41-2-3

personal representative: the power to enter judgment appointing a Section 41-2-3 personal representative "flows from the wrongful death statute itself and not from the probate or estate laws." Henkel, 49 N.M. at 47, 156 P.2d at 791…In view of the Supreme Court's holding that appointment as a Section 41-2-3 personal representative is not a jurisdictional prerequisite to bringing a wrongful death action, Chavez v Regents of the University of New Mexico, 103 N.M. 606, 711 P.2d 883 (1985), we see no reason why a petition for appointment of a Section 41-2-3 personal representative may not be brought with the wrongful death action itself, see Rule 1-002 and 1-018(A) NMRA 2002: NMSA 1978 § 44-6-4 (1975), assuming that all necessary parties, NMSA 1978 § 44-6-12 (1975), are subject to joinder in forum where the wrongful death action is brought In the Matter of the Estate of Kirsten Sumler, 2003-NMCA-30 {2}, {9} {10}, 62 P.3d 766.

4.     Pursuant to New Mexico law, in particular NMSA 1978, § 41-2-3, a statutory wrongful death claim is to be pursued by a personal representative or representative possessed of authority to pursue such a claim. Our Supreme Court in Mackey v. Burke, 102 N.M. 294 (1984) has determined:

1) Plaintiff's powers as an administrator of the estate were unrelated to his alleged authority as a personal representative since that power flows from the wrongful death statute, not probate law. 2) A wrongful death action has no relation to the estate. 3) The Legislature assigned the right of action to the personal representative merely because someone had to be designated, not because such action would automatically have fallen within his duties. 4) "The term personal representative is a nominal party in the sense that he acts as a trustee for the statutory beneficiaries, and not in any capacity for the estate, in pursuing the wrongful death action.

Cases after Henkel make clear that the importance of the personal representative in the statute is to distinguish a person from the statutory beneficiaries, to set someone apart from the beneficiaries, and enable that person to prosecute the wrongful death suit. Status as a potential statutory beneficiary is not the test for authority to bring a wrongful death action. If each potential beneficiary was considered a personal representative, the suits would be unending and contradictory. The Legislature has given the personal representative power as "the statutory trustee for the discoverable and identifiable beneficiaries named in the statute."

5.     Movant is an appropriate person to act as Personal Representatives in this wrongful death action. Pursuant to the Court's holding in Chavez v. Regents of University of N.M. 103 N.M. 606 (1985)

> It is merely "incidental" that a "personal representative is named to bring a wrongful death action…The personal representative is only a nominal party who was selected by the Legislature to act as the statutory trustee for the individuals statutory beneficiaries.
> […]
> Although wrongful death action in New Mexico must be prosecuted by a personal representative…the cases have generally broadly construed who qualifies as a personal representative under the Wrongful Death Act

Id. At 608-609 (citation omitted). The personal representative need only be "in some sense, a personal representative of the deceased, [to] meet the requirements" Id at 609. However, the Personal Representative need not "have the full powers required by the Probate Code, since his duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possible contradictory lawsuits" Id.

6. Movant is in possession of the New Mexico Wrongful Death Act NMSA 1978, § 41-2-1 et seq., and the relevant portions of the New Mexico Probate Code pertaining to the distribution of wrongful death proceeds from the wrongful death estate.

7. Movant is a New Mexico lawyer, he recognizes his duties under the Wrongful Death Act and agrees to comply with them and to serve as a statutory trustee for discoverable and identifiable beneficiaries as required by the Act.

8. To the best of Movant's knowledge, no other person, has been appointed as a personal representative for the purpose of pursuing a wrongful death claim on behalf of the Estate, and no Wrongful Death Action or Probate has been filed.

WHEREFORE, Movant requests that he be appointed Personal Representative for the Estate of Sonia Rodriguez, deceased, for the purpose of pursuing a wrongful death action under the Wrongful Death Act, and for such other and further relief as the Court deems proper.

Respectfully submitted,

/s/Thell Thomas
Thell Thomas
Law Offices of Thell Thomas, LLC
509 Roma NW
Albuquerque, NM 87102
505-242-2109
tthomasjd@gmail.com

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

No. D-412-CV-2016-00476

DAVID SILVA as PERSONAL REPRESENTATIVE of the ESTATE OF SONIA RODRIGUEZ,

    Plaintiff,

vs.

VANESSA RODRIGUEZ, FARMERS INSURANCE COMPANY OF ARIZONA, and DAVID K. PRICE,

    Defendants.

### ORDER FOR APPOINTMENT OF PERSONAL REPRESENTATIVE TO PURSUE WRONGFUL DEATH CLAIM IN ACCORDANCE WITH NMSA 1978 § 41-2-1 et seq.

**WHEREAS**, this matter coming before the Court upon Motion of David Silva, that he be appointed Personal Representative of the Estate of Sonia Rodriguez pursuant to NMSA 1978, § 41-2-1, et seq.; this Court, after review of the Motion and being otherwise fully advised of the premises; FINDS:

    1. Movant is qualified and appropriate party to serve as Personal Representative of decedent David Silva for the purpose of pursuing a Wrongful Death Claim in accordance with provisions of the Wrongful Death Act, NMSA 1978, § 41-2-1 et seq.; and

    2. The Motion for Appointment is well taken and should be granted.

**THEREFORE, IT IS THE ORDER OF THE COURT** that David Silva shall be and is hereby appointed as Personal Representative of the Estate of Sonia Rodriguez, pursuant to the provisions of The New Mexico Wrongful Death Act, NMSA 1978, § 41-2-1 et seq.

Honorable Abigail Aragon
District Court Judge

Submitted by:

/s/Thell Thomas
Thell Thomas, Esq.
Law Offices of Thell Thomas, LLC
509 Roma NW
Albuquerque, NM 87102
505-242-2109
tthomasjd@gmail.com

D-412-CV-2016-00476

## CERTIFICATE OF SERVICE/E-FILING

I certify that on this \_\_\_16\_\_\_ day of October **2016**, a copy of the foregoing Order was e-filed and/or mailed to parties listed below:

Thomas Thell, tthomasjd@gmail.com

Jessieann Montoya, TCAA